### MARX v. MANHATTAN RY. CO.

*(Supreme Court, Special Term, New York County.  November, 1888.)*

PRACTICE IN CIVIL CASES—DISMISSAL—FAILURE TO PROSECUTE.

  Where plaintiff refuses to proceed with the trial of a case, and submits to a nonsuit on the denial of his motion to amend the complaint, made after the trial had commenced, there is not a dismissal for neglect to prosecute within Code Civil Proc. N. Y. § 405, providing that where an action is not thus terminated plaintiff may bring another action within one year after such termination.

Action by Pierce Marx against the Manhattan Railway Company, for personal injuries. The action was formerly tried in the court of common pleas, where, on the denial of plaintiff's motion for leave to amend the complaint, he refused to proceed with the case. Defendant now moves to dismiss the complaint, alleging that the claim is barred by limitation. Code Civil Proc. N. Y. § 405, provides that if an action is terminated otherwise than by voluntary discontinuance, dismissal for neglect to prosecute, or final judgment, plaintiff may bring another action within one year after such termination. For other reports, see 3 N. Y. Supp. 113; *ante*, 159.

  *Aaron Kahn*, (*Christopher Fine*, of counsel,) for plaintiff.  *Davies & Rapallo*, (*Edward C. James*, of counsel,) for defendant.

BARRETT, J. The question is whether the effect of what transpired in the court of the common pleas was equivalent to submitting to a nonsuit. It seems to me it was. It was not a dismissal of the complaint for neglect to prosecute the action within the meaning of section 405 of the Code of Civil Procedure. That refers to an order made on motion to dismiss for such neglect to prosecute, and is a well-understood proceeding. In the case at bar the trial was actually commenced. A motion was made to amend, which the court denied. The plaintiff then declined to proceed further with the trial, for the reason that success was hopeless because of such denial. It was quite the same as though he had proceeded and given evidence in support of his complaint as originally formulated. He knew that the proofs would have

failed to establish his cause of action as thus formulated, and, consequently, that a nonsuit must follow. It was simply a saving of time to acknowledge that this must be the result, in view of the inability to amend. The nonsuit was inevitable because the proofs would not support the complaint. He had proofs to support the complaint, as it would have read in case the amendment had been permitted. The moment, however, the amendment was refused, he was necessarily defeated, and it was as well to acknowledge the situation. In effect, he tried the case, and because of a judicial ruling acknowledged defeat, and in substance submitted to a nonsuit. It was not a neglect to prosecute. He prosecuted and failed. That was the gist of the matter. I must therefore deny the motion, and permit the case to proceed.